IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RONNIE EUGENE JOHNSON,** : | CIVIL ACTION NO. 1:20-CV-1494 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **BERNADETTE MASON,** : | |
| : | |
| Respondent : | |

## MEMORANDUM

This is a habeas corpus case under 28 U.S.C. § 2254. Petitioner Ronnie Eugene Johnson was found guilty of first-degree murder based on a killing that occurred when he was 17 years old. Johnson was initially sentenced to a term of mandatory life imprisonment. Following the Supreme Court's decisions in Miller v. Alabama, 567 U.S. 460 (2012) and Montgomery v. Louisiana, 577 U.S. 190 (2016), a court in this district granted Johnson habeas corpus relief and remanded the case to the Cumberland County Court of Common Pleas for resentencing in accordance with Miller and Montgomery. Johnson was subsequently resentenced to a term of 30 years to life in prison. After unsuccessfully appealing his resentencing to the Pennsylvania Superior Court and the Pennsylvania Supreme Court, Johnson now challenges the resentencing through a petition for writ of habeas corpus, asserting that the statute under which he was resentenced violates the separation of powers doctrine and the Equal Protection Clause. We will deny the petition for writ of habeas corpus with prejudice.

I.      **Factual Background & Procedural History**

On May 25, 1998, Johnson and Jermaine Watkins approached another individual, Robert "Rocky" Anderson, in Memorial Park in Carlisle, Pennsylvania. Commonwealth v. Johnson, No. 1326 MDA 2018, 2019 WL 5212765, at *1 (Pa. Super. Ct. Oct. 16, 2019). Both Johnson and Watkins were carrying guns. Id. They began to argue with Anderson, and during the argument, both Johnson and Watkins fired their guns. Id. A stray bullet struck a bystander named Anthony Shannon Banks. Id. Johnson then approached Banks and shot him multiple times, killing him. Id.

Johnson pled guilty to first-degree murder in the Cumberland County Court of Common Pleas on July 9, 1999 in exchange for the Commonwealth's agreement that it would not seek the death penalty. Id. He was sentenced to a mandatory term of life in prison without the possibility of parole on the same day. Id.

On June 25, 2012, the United States Supreme Court held in Miller that mandatory life sentences without the possibility of parole for individuals under the age of 18 violate the Eighth Amendment's bar on cruel and unusual punishment. Miller, 567 U.S. at 465. In response to Miller, the Pennsylvania legislature enacted a statute that amended the penalties for first- and second-degree murder for individuals who were under 18 at the time of their offenses. See 18 Pa.C.S. § 1102.1; Commonwealth v. Cobbs, 256 A.3d 1192, 1217 (Pa. 2021). The Supreme Court subsequently held, in Montgomery, that Miller applies retroactively to collateral review of convictions that became final before Miller. Montgomery, 577 U.S. at 208-

09.[1]  Johnson sought habeas corpus relief in this district based on Miller and Montgomery, and United States District Judge A. Richard Caputo granted the petition on July 13, 2017, remanding the case to the Cumberland County Court of Common Pleas for resentencing.  Johnson v. Wetzel, No. 3:14-CV-1384 (M.D. Pa. July 13, 2017).

Johnson was resentenced in accordance with the procedures set forth in 18 Pa.C.S. § 1102.1 on April 26, 2018.  Johnson, 2019 WL 5212765, at *1.  The Court of Common Pleas imposed a new sentence of 30 years to life.  Id.  Johnson appealed the new sentence to the Superior Court, arguing *inter alia*, that the sentence was unconstitutional because § 1102.1 violated the separation of powers doctrine and violated the Equal Protection Clause of the Fourteenth Amendment.  Id. at *1-2.  The Superior Court affirmed in relevant part,[2] and the Pennsylvania Supreme Court denied Johnson's petition for allowance of appeal on June 22, 2020.  Commonwealth v. Johnson, 236 A.3d 1042 (2020).

---

[1] The Supreme Court limited the scope of Miller and Montgomery in Jones v. Mississippi, 593 U.S. __, 141 S. Ct. 1307, 1321-22 (2021), where the Court held that the cases did not require sentencing courts to make findings of permanent incorrigibility before imposing life sentences on minors.  Id.  According to Jones, the holding of Miller was limited to the conclusion that "a State may not impose a mandatory life-without-parole sentence on a murderer under 18" and the holding of Montgomery was limited to the conclusion that Miller "applies retroactively on collateral review."  Jones, 141 S. Ct. at 1321.  Jones does not alter the present analysis, however, as it suffices to say for purposes of Johnson's case that Johnson was resentenced in accordance with Miller and Montgomery.

[2] The court vacated and remanded the sentencing court's ruling with respect to the costs of the resentencing proceeding, holding that Johnson was not responsible for the costs.  Johnson, 2019 WL 5212765, at *7.

3

Johnson filed the instant petition for writ of habeas corpus on August 20, 2020, again arguing that the new sentence imposed by the Court of Common Pleas is unconstitutional because it violates the separation of powers doctrine and the Equal Protection Clause. Respondents responded to the petition on February 3, 2021, arguing that Johnson's petition should be rejected because the constitutional requirement of separation of powers does not apply to the governments of the states and because § 1102.1 does not violate equal protection. Johnson filed a reply brief in support of his petition on February 8, 2021, and the court received and docketed the petition on February 16, 2021. The petition is ripe for the court's disposition, and we address Johnson's arguments below.

**II.   Discussion**

Johnson's separation of powers argument plainly fails. As respondents aptly note, the separation of powers required by the Constitution only binds the federal government and is not mandatory on the states. Whalen v. United States, 445 U.S. 684, 689 n.4 (1980); Mayor of City of Philadelphia v. Educ. Equality League, 415 U.S. 605, 615 n.13 (1974); Sweezy v. State of New Hampshire *ex rel.* Wyman, 354 U.S. 234, 255 (1957); Dreyer v. People of State of Illinois, 187 U.S. 71, 84 (1902).

Turning to Johnson's equal protection claim, Johnson argues that § 1102.1 violates the Equal Protection Clause because the penalties it imposes are harsher for defendants who are over the age of 15 than they are for defendants who are under the age of 15. (Doc. 1 at 5).

4

The Fourteenth Amendment states that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne, Tex. v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)). To prevail on an equal protection claim, a litigant must show that the government has treated the litigant differently from a similarly situated party and that the rationale for the differing treatment does not satisfy the relevant level of scrutiny. Real Alternatives, Inc. v. Sec'y Dep't of Health & Human Servs., 867 F.3d 338, 348 (3d Cir. 2017) (citing Cleburne, 473 U.S. at 439).

Age "is not a suspect classification under the Equal Protection Clause" and discrimination based on age is therefore analyzed under rational basis review. Kimel v. Florida Bd. of Regents, 528 U.S. 62, 83 (2000). State governments may discriminate based on age if the government's action is rationally related to a legitimate state interest. Id.

Rational basis review is "very deferential" to the government. Newark Cab Ass'n v. City of Newark, 901 F.3d 146, 156 (3d Cir. 2018). The challenged law should be upheld "'if there is any reasonably conceivable state of facts that could provide a rational basis' for the differing treatment." Id. (quoting United States v. Walker, 473 F.3d 71, 77 (3d Cir. 2007)). The party challenging the law "must negate every conceivable justification for the classification in order to prove that the classification is wholly irrational." Cabrera v. Att'y Gen. United

States, 921 F.3d 401, 404 (3d Cir. 2019) (quoting Brian B. *ex rel.* Lois B. v. Commonewalth of Pa. Dep't of Educ., 230 F.3d 582, 586 (3d Cir. 2000)). In considering an equal protection claim under rational basis review, the court may consider any conceivable purpose that could support the law and is not limited to justifications actually advanced by the government. Connelly v. Steel Valley Sch. Dist., 706 F.3d 209, 216 (3d Cir. 2013).

The Superior Court considered and rejected Johnson's equal protection challenge to § 1102.1, finding that the law satisfied rational basis review because it ensures that minors are "given the opportunity to reform in conformance with Miller's mandate." Johnson, 2019 WL 5212765, at *7.

We agree that § 1102.1 satisfies rational basis review. As the Supreme Court noted in Miller, children should be treated differently from adults for purposes of criminal sentencing. Miller, 567 U.S. at 471. Children often lack maturity, have an underdeveloped sense of responsibility, are more susceptible to negative influences and peer pressure than adults, and are less able to control their environments and extricate themselves from situations where criminal activity is likely to occur. Id. In addition, a child's character is not as well formed as that of an adult, meaning that a child is more capable of reform than an adult committing the same criminal conduct. Id. These factors, which rationally support treating children differently from adults, also support treating younger children differently from older children. Section 1102.1's more lenient treatment of children under the age of 15 as compared to children over the age of 15 is therefore rationally related to the legitimate state

interest of protecting young children from overly harsh criminal sentences.  We reject Johnson's equal protection claim on that basis.

**III.    Conclusion**

We will deny the petition (Doc. 1) for writ of habeas corpus with prejudice.  A certificate of appealability will not issue because no reasonable jurist would disagree with this ruling or conclude that the issues presented are adequate to deserve encouragement to proceed further.  Buck v. Davis, 580 U.S. __, 137 S. Ct. 759, 773 (2017) (citing Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).  An appropriate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:     October 29, 2021